Phillip T. BILLINGSLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S05–1303–CR–160.

Supreme Court of Indiana.

May 29, 2013.

## PUBLISHED ORDER VACATING TRANSFER

We heard oral argument in this case on May 9, 2013, at Merrillville High School before an audience that included approximately 400 high school students from the area, members of the Lake County Bar Association, and other citizens. The Court thanks the staff of Merrillville High School and the members of the Lake County Bar Association for their fine work in organizing this event, and attorneys Thomas C. Allen of Fort Wayne, and Aaron J. Spolarich and Stephen Creason, Deputies Attorney General, for their presentation of the argument.

In this case, a woman had telephoned police to report that the appellant, Phillip Billingsley, had been involved in certain unlawful conduct and that he was in a vehicle about to leave a certain parking lot. Based on this telephone call and other information, an officer was dispatched to the scene. The officer drew his gun and ordered Mr. Billingsley to place his hands on the roof of the vehicle until other officers arrived. When they arrived, Mr. Billingsley was ordered to exit the vehicle and as he did so, officers smelled marijuana and saw marijuana in a bag on the front seat. Mr. Billingsley was charged with possession of marijuana. He contended that the police officers' acting on the telephone call and pointing a gun at him during the investigation violated his rights under the federal and Indiana constitutions. The trial court, though, disagreed, and Mr. Billingsley was convicted of possession of marijuana as a class D felony. He appealed, but in a 2–1 decision, the Court of Appeals affirmed the conviction in a published opinion. *See Billingsley v. State*, 980 N.E.2d 402 (Ind.Ct.App.2012).

Billingsley then filed a petition to transfer jurisdiction asking that the Indiana Supreme Court review his case and reverse his conviction. On March 7, 2013, we issued an order granting transfer and accepting jurisdiction over the case, and then, as indicated above, we heard the attorney for Mr. Billingsley and the attorneys for the State of Indiana present their respective arguments about the case. Thereafter, we discussed the case in more detail at our weekly conference. After again considering the points raised in the parties' briefs and the points made by the attorneys at the oral argument in Lake County, it is the view of a majority of the justices that the Court should not assume jurisdiction over this appeal, and that the Court of Appeals opinion be the final decision in this case. *See* Ind. Appellate Rule 58(B) (specifying that the denial of a petition to transfer terminates the litigation in this Court between the parties).

Accordingly, the March 7, 2013 order granting transfer of jurisdiction is hereby VACATED, and the appellant's Petition to Transfer is DENIED. The Court of Appeals opinion published at *Billingsley v. State*, 980 N.E.2d 402 (Ind.Ct.App.2012), is hereby REINSTATED as Court of Appeals authority.

The Court DIRECTS the Clerk to certify this appeal as final and to send copies of this order to the Hon. Margret G. Robb, Chief Judge of the Indiana Court of Appeals; the Court of Appeals' Administrator; and all counsel of record.

The Court further DIRECTS the Clerk to send a copy of this Order to LexisNexis

and to Thomson/Reuters for publication on-line and in the bound volumes of this Court's decisions.

## PUBLISHED ORDER VACATING TRANSFER

By order dated March 7, 2013, the Court granted a petition seeking transfer of jurisdiction from the Court of Appeals. After further review, including considering the points presented by counsel at oral argument and discussion among the Justices in conference after the oral argument, a majority of the Court has determined that it should not assume jurisdiction over this appeal and that the Court of Appeals opinion reported as *Billingsley v. State*, 980 N.E.2d 402 (Ind.Ct.App.2012), be reinstated as Court of Appeals precedent. Accordingly, the order granting transfer is VACATED and transfer is hereby DENIED. Pursuant to Appellate Rule 58(B), this appeal is at an end.

The Court DIRECTS the Clerk to certify this appeal as final and to send copies of this order to the Hon. Margret G. Robb, Chief Judge of the Indiana Court of Appeals; the Hon. Wendy Davis, Judge, Allen Superior Court; the Court of Appeals' Administrator; and all counsel of record.

The Court further DIRECTS the Clerk to send a copy of this Order to LexisNexis and to Thomson/Reuters for publication on-line and in the bound volumes of this Court's decisions.

DICKSON, C.J., and DAVID, MASSA, and RUSH, JJ., concur.

RUCKER, J., dissents to the denial of transfer and would reverse the trial court.